UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20373-CR-Altonaga

UNITED STATES OF AMERICA
vs.
WALTER CÁCERES,
    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Walter Cáceres (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349.

2. The United States agrees to seek dismissal of the remaining counts as to this defendant after sentencing.

## PENALTIES

3. The defendant understands and acknowledges that, as to Count One, the court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 or not more than the greater of twice the gross gains or gross loss resulting from the offense. *See* 18 U.S.C. § 3571(d).

4. The defendant further understands and acknowledges that, in addition to

1

any sentence imposed under the previous paragraph of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The defendant recognizes that, under some circumstances, the Court could order restitution under Title 18, United States Code, Section 3663A, and the defendant agrees that any restitution required as a result of the criminal conduct set forth in paragraph one above shall be equal to the amount of any actual victim loss attributable to the defendant's knowing participation in the criminal conduct, as determined at sentencing. The defendant understands that the Court could order restitution in the amount of loss arising from the relevant conduct related to this matter, not just from the offense of conviction, and the defendant understands that the amount of restitution owed to each victim will be determined at or before the sentencing unless the Court rules otherwise.

## APPLICABLE SENTENCING PROCEDURES

6. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing

guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the illegal conduct to which the defendant has agreed to plead guilty (as described in paragraph 1) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the

3

defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

9. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

<u>Guideline:</u>   Guidelines 2X1.1 and 2B1.1 apply.
<u>Base Level:</u>  The base offense level is 7.
<u>Loss:</u>       The amount of intended loss is approximately $600,000, resulting in an increase of 14.
<u>Victims:</u>    There were approximately 39 victims, resulting in an increase of at least 2.
<u>Sophisticate:</u> The parties agree that the sophisticated means enhancement does not apply.
<u>Role:</u>       The defendant reserves the right to argue for a minor-role reduction.
<u>Other:</u>      The defendant reserves the right to argue for a downward variance or departure.

10. The defendant agrees to cooperate fully with this Office by (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be

4

required by this Office; and (c) if requested by this Office, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned. The defendant understands and acknowledges that the Court is under no obligation to grant any motion referred to in this agreement should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the

court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

11. The United States, however, will not be required to make any motions or recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. The parties agree that the defendant does not deserve any reduction pursuant to Section 3E1.1 if the defendant is found to have refused to assist authorities in recovery of the fruits and instrumentalities of the offense.

## FORFEITURE & FINANCIAL DISCLOSURE OBLIGATIONS

12. The defendant agrees to forfeit to the United States, voluntarily and immediately, all of the defendant's right, title and interest in all assets and/or their substitutes which are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and the procedures of 21 U.S.C. § 853, including but not limited to the sum of $605,090 in United States currency which represents the gross proceeds of the fraud. The defendant agrees that the above named property was involved in or is traceable to property involved in the offense to which the defendant has agreed to plead guilty, and that it is therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1). The defendant knowingly and voluntarily agrees to waive any claims or defenses the defendant may

have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset. The defendant agrees to waive any appeal for the forfeiture. The defendant further agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or any further notification of any judicial or administrative forfeiture proceedings brought against said asset. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

13.   The defendant agrees to make a full and accurate disclosure of the defendant's financial affairs to the United States Attorney's Office and to the United States Probation Office. Specifically, the defendant agrees that, within 10 calendar days of the signing of this Plea Agreement, the defendant shall submit a completed

7

Financial Disclosure Statement (provided by the United States Attorney's Office or the Probation Office), and shall fully and truthfully disclose and identity all assets in which the defendant has any interest and/or over which the defendant exercise control, whether directly or indirectly, including those held a spouse or significant other; a nominee or shell owner; or a third party. The defendant further agrees to provide, in a timely manner, all financial information requested by the United States Attorney's Office and the United States Probation Office, and upon request, to meet in person to identify assets and monies that can be used to satisfy any order of restitution, forfeiture, or a fine judgment. In addition, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report from all credit agencies.

14. The defendant agrees to not – without prior approval from the Government - sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the defendant's restitution, fine, and forfeiture is paid in full. The defendant also shall identify any transfer of assets valued in excess of $5,000 (US) after the date of the first charging document against the defendant or after the date that the defendant became aware of the nature of the criminal investigation (whichever is earlier). The defendant agrees to disclose the identity of the asset, the approximate value of the asset, the identity of the person to whom the asset was transferred and the current location of the asset.

15. The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied towards forfeiture, restitution, and any fine. The defendant agrees that providing false or incomplete information about the defendant's

financial assets; that hiding, selling, transferring or otherwise devaluing assets; or failing to cooperate fully in the investigation and identification of assets can be used as a basis for (1) separate prosecution, including under Title 18, United States Code, Section 1001; (2) a recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and (3) a denial of any reduction for any cooperation.

16. The defendant agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture, restitution or fine in fill, or full payment in the shortest amount of time, as requested by the government.

## WAIVER OF CERTAIN RIGHTS

17. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this

agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with defense counsel. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

18. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status, if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, and, in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms the desire to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States or civil commitment.

19. The defendant agrees to having consulted with the defendant's attorney and fully understands all rights with respect to the pending charges. Further, the defendant was advised and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The defendant understands the constitutional rights associated with going to trial, including the right to be represented by counsel, the right to plead not guilty, the right to trial by jury, the right to confront and cross-examine adverse witnesses, the right to be protected from

compelled self-incrimination, the right to testify and present evidence, and the right to compel the attendance of witnesses. By signing below, the defendant attests to having read this agreement, carefully reviewed every part of it with the defendant's attorney, and to being satisfied with the advice and representation of the defendant's attorney regarding the decision to enter into the agreement. The defendant voluntarily agrees to be bound by every term and condition set forth herein. The defendant affirms that the defendant has discussed this matter thoroughly with the defendant's attorney. The defendant further affirms that the defendant's discussions with defense counsel have included discussion of possible defenses that the defendant might raise if the case were to go to trial, as well as possible issues and arguments that the defendant may raise at sentencing. The defendant additionally affirms that the defendant is satisfied with the representation provided defense counsel.

## ADMISSIBILITY OF FACTUAL PROFFER

20. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charges identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this plea agreement, this Office will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) the defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the defendant as part of plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the

execution of this agreement, will be admissible against the defendant without any limitation in any civil or criminal proceeding brought by the government; (b) the defendant's waiver of any defense based on the statute of limitations or any other defense based on the passage of time in filing an indictment or information, referred to herein, shall remain in full force and effect; and (c) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or this Office. The defendant stipulates to the admissibility, in any case brought by the United States in any way related to the facts in this agreement, of the entire factual basis set forth below as being the defendant's own statement. The defendant voluntarily and knowingly adopts the factual basis as a post-plea discussion statement that is not protected by Federal Rule of Criminal Procedure 11(6) or Federal Rule of Evidence 410.

22. This Office and the defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

> From approximately January 2010 to July 2010, in Miami-Dade County and elsewhere, Walter Cáceres willfully and knowingly conspired with Abraham S. Gutterman and others to defraud investors by making material misrepresentations in connection with a company called Venture Trading & Investments, LLC.
>
> Specifically, Cáceres agreed to serve as the corporate officer of Venture Trading and Investments, LLC. In that capacity, he controlled the corporate bank account of Venture Trading and Investments, LLC and disbursed corporate money. Cáceres also heard Abraham Gutterman

12

solicit investors by, among other things, making telephone calls and by hiring other individuals to solicit customers by telephone. Cáceres knew that, during these investor telephone solicitations, Gutterman and others used aliases to hide their true identities and would lie to potential investors when they claimed to have previously offered financial advice to potential investors.

Cáceres also knew that Gutterman and others were telling investors that investors could make money by purchasing gold because the price of gold could rise, or by purchasing pre-IPO stock in a company called "Global Funding" because the stock of that company was going to triple in price. Cáceres also served as a corporate officer of a company called "Global Funding."

Bank records, however, show that investor money was never used to purchase gold or pre-IPO stock. Instead, conspirators used investor funds for other purposes, including their own personal use and benefit.

As a result of the materially false and fraudulent misrepresentations and omissions, Gutterman caused approximately 39 investors to deposit approximately $600,000 into a bank account controlled by Cáceres. Cáceres kept a portion of the fraud proceeds for himself and disbursed a majority of the fraud proceeds to Gutterman and others.

Cáceres knew that Gutterman knowingly transmitted by means of wire communication in interstate commerce certain writings, signs or signals that contained material false information. Specifically, Cáceres knew that salespeople, including Gutterman, were using aliases and Cáceres knew that Gutterman solicited Cáceres to act as a so-called "nominee owner" or "paper owner" of different companies. Furthermore, Cáceres knew that Gutterman and salespeople would lie to potential investors about previously offering financial advice. Finally, Cáceres could have inferred that – by withdrawing significant funds as cash and by wiring or otherwise sending over half of the funds to Gutterman – that there were insufficient funds to fulfill promises to the investors.

The defendant agrees that above-styled factual basis is true and correct to the best of the defendant's knowledge. Because the factual basis set forth above has the limited purpose of supporting the defendant's guilty plea to the charges discussed in paragraph one, the factual basis set forth above does not purport to represent all facts and

circumstances relating to the defendant's participation. Similarly, the factual basis contained above is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

## EXTRADITION

23. By signing this agreement, the defendant waives any right to extradition from any country or state should the defendant flee the Southern District of Florida. The defendant agrees that the defendant was fully informed by the defendant's attorney of the rights to extradition, and voluntarily waives this right to extradition should the defendant fail to appear before the court as required in this matter. Further, through the waiver contained herein, the defendant agrees to petition the Court to expedite the defendant's return, in custody, to the United States of America to answer to the charges contained in this case. The defendant concedes to being the individual against whom charges are pending in this case, and for whom process is outstanding there. The defendant agrees to waive all rights under the extradition treaty or agreement, including the right to a hearing and agree to return to the United States without any promise or threats being made or any other form of inducement or intimidation being exercised on the part of any representatives, officials, or officers of the United States, or of any person whatsoever. The defendant agrees that this waiver of rights is entirely of the defendant's own free will and accord.

## ADMISSION OF GUILT

24. The defendant confirms that the defendant is guilty of the offenses to which the defendant is pleading guilty; that the defendant's decision to plead guilty is

14

the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant accordingly affirms that the defendant is entering into this agreement knowingly, voluntarily, and intelligently, and with the benefit of full, complete, and effective assistance by the defendant's attorney.

25. Defense counsel, by signing below, attests to explaining fully to the defendant all rights with respect to the pending charges, to reviewing with the defendant the provisions of the Sentencing Guidelines and to explaining to the defendant the provisions which may apply in this case. Counsel for the defendant carefully reviewed every part of this plea agreement with the defendant in the defendant's native language.

26. The defendant confirms that the defendant has read this plea agreement, or that this plea agreement has been read to the defendant. If the defendant does not understand English, the defendant confirms that this plea agreement has been translated into the defendant's native language and that the defendant has read this plea agreement, or that this plea agreement has been read to the defendant in the defendant's native language.

27. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the

government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw a plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

28. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/24/2015    By: _____
H. RON DAVIDSON
ASSISTANT UNITED STATES ATTORNEY

Date: 6-10-15    By: _____
KRISTIN FIGUEROA-CONTRERAS, ESQ.
ATTORNEY FOR DEFENDANT

Date: 6-10-2015    By: _____
WALTER CÁCERES
DEFENDANT

16